IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MICHAEL K. JAMISON, )
)
    Plaintiff, )
)
vs. )   CIVIL ACTION NO.: CV605-066
)
)
GLENN RICH; R. D. COLLINS, )
and Lt. REGINALD T. LANGSTON, )
)
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Scott State Prison in Hardwick, Georgia, filed a 42 U.S.C. § 1983 action contesting the conditions of his confinement while he was incarcerated at Rogers State Prison in Reidsville, Georgia. Defendants R. D. Collins and Glenn Rich ("Defendants") filed Motions to Dismiss[1], which the Court construes as Motions for Summary Judgment, as matters outside of the pleadings were considered. Plaintiff has responded. For the reasons which follow, Defendants' Motions should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff, through counsel, asserts that Defendant Langston assaulted him by hitting him in the chin with his elbow while he was handcuffed. Plaintiff also asserts that Defendant Langston hit him again with such force that his entire body moved backward

---

[1] Defendant Rich adopted the Motion filed by Defendant Collins, as well as the documentation in support thereof. (Doc. No. 10.) Plaintiff did not file a separate Response to Rich's Motion, but the Court adopts Plaintiff's Response to Collins' Motion as his Response to Rich's Motion.

AO 72A
(Rev. 8/82)

and his head snapped back and hit the wall. Plaintiff alleges that Defendant Langston escorted him to the medical unit of the prison and beat him again, which caused Plaintiff's hearing to "fail." (Compl., ¶ 8.) Plaintiff contends that Defendant Rich, the Warden, and Defendant Collins, the Deputy Warden, condoned and were deliberately indifferent to the alleged assault of Plaintiff and other inmates at Rogers State Prison. Plaintiff also contends that Defendants Rich and Collins are directly responsible for the security staffing and other security measures at Rogers State Prison.

Defendants contend that Plaintiff fails to state a claim under 18 U.S.C. §§ 2340, et seq., and the Georgia Constitution. Defendants also contend that Plaintiff failed to exhaust his administrative remedies.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a

3

prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Defendants assert that Plaintiff failed to file a grievance alleging that they knew of a pattern and practice of abuse at Rogers State Prison. Defendants also assert that, although Plaintiff filed a grievance regarding the alleged assault by Defendant Langston, he failed to name either of them in this grievance.

Plaintiff asserts that the grievance he filed put prison officials on notice of the assault he suffered, which was sufficient to allow officials to investigate Plaintiff's complaint. Plaintiff avers that it would be impractical to require him to name all of the officers who assaulted him in addition to the officials who may be constitutionally responsible for said assault.

The parties have cited Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000), in support of their positions. In Brown, the Eleventh Circuit Court of Appeals concluded that the district court "erred in dismissing [the plaintiff's] complaint for failure to exhaust administrative remedies because he did not name" two defendants in his grievances. Brown, 212 F.3d at 1210. In reaching this conclusion, the Eleventh Circuit held that section 1997e(a) "requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner can reasonably provide." Id.

4

In the case *sub judice*, Plaintiff filed a grievance and an appeal in which he alleged that Defendant Langston assaulted him. The only contention Plaintiff made in these documents was that Defendant Langston assaulted him. (Doc. No. 5, Ex. 2, pp. 2, 4-5.) Plaintiff did not contend that other individuals may have been responsible for this alleged assault. However, in his Complaint, Plaintiff alleges that Defendants Rich and Collins condoned this alleged assault, were deliberately indifferent to his safety, and were responsible for the safety staffing and other security measures at Rogers State Prison. The allegations Plaintiff set forth in his grievance and appeal and those set forth against Defendants Rich and Collins in his Complaint appear to be completely separate causes of action. The undersigned recognizes that Plaintiff was not required to name Defendants Rich and Collins in his grievance pertaining to the alleged assault based on Brown. However, Plaintiff did not assert his *claims* against Defendants Rich and Collins in his grievance. Brown is distinguishable from the instant case, as the Eleventh Circuit found in Brown that the district court erred in dismissing the plaintiff's complaint simply because the plaintiff failed to specifically name two defendants in his grievances. In this case, Plaintiff's grievance and appeal fail to set forth facts sufficient to have put Defendants Rich and Collins on notice that he would file a complaint alleging that these Defendants condoned the assault, were deliberately indifferent to his safety, and were responsible for the security staffing and other security measures at Rogers State Prison. Plaintiff did not exhaust his administrative remedies pertaining to his allegations against Defendants Rich and Collins.

It is unnecessary to address the remaining grounds of Defendants' Motions.

5

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motions to Dismiss filed by Defendants Collins and Rich (Doc. Nos. 4 and 10) be **GRANTED**, and that Plaintiff's claims against Defendants Collins and Rich be **dismissed**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 15 day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)