IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MICHAEL K. JAMISON,           )
                              )
       Plaintiff,             )
                              )
vs.                           )   CIVIL ACTION NO.: CV605-066
                              )
                              )
GLENN RICH; R. D. COLLINS,    )
and Lt. REGINALD T. LANGSTON, )
                              )
       Defendants.            )

## ORDER

After an independent review of the record, the Court concurs with the Report and Recommendation of the Magistrate Judge, to which Plaintiff filed Objections. Defendants Rich and Collins filed Responses.[1] In his Objections, Plaintiff asserts that he exhausted his administrative remedies to the extent available and was not required to name all responsible officials. Plaintiff contends that the Prison Litigation Reform Act (PLRA) only requires that he pursue and exhaust "available" grievance remedies. (Pl.'s Obj. at 4.) Plaintiff avers that he properly put prison officials on notice regarding his beating. Plaintiff argues that it is impractical for him to name all of the officials who beat him and/or who should be held constitutionally responsible. Plaintiff asserts that adopting the Magistrate Judge's Report and Recommendation would effectively "close the courthouse door" to him and other similarly situated inmates and would allow prison officials to continue the practice of beating inmates. Defendants Rich and Collins assert that Plaintiff was not required to

---

[1] Defendant Rich incorporates Defendant Collins' arguments and citations to authority used in his Response.

AO 72A
(Rev. 8/82)

name all defendants in his grievance, but he was required to exhaust each issue set forth in his Complaint.

Although Plaintiff may not have been required to specifically name all the defendants in his grievance, Plaintiff fails to recognize that his grievance did not properly assert his claims against Defendants Rich and Collins. The Magistrate Judge correctly determined that Plaintiff's grievance and appeal fail to set forth facts sufficient to have put Defendants Rich and Collins on notice that a complaint would be filed against them alleging that they condoned an assault, were deliberately indifferent to his safety, and were responsible for the security staffing and other security measures at Rogers State Prison.

Plaintiff's Objections are without merit. The Magistrate Judge correctly assessed the prison's standard operating procedure (SOP) and controlling Eleventh Circuit precedent to determine that Plaintiff failed to exhaust his administrative remedies. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The Motions to Dismiss filed by Defendants Rich and Collins, construed as Motions for Summary Judgment, are **GRANTED**. Plaintiff's claims against Defendants Rich and Collins are **DISMISSED,** without prejudice, due to Plaintiff's failure to exhaust his administrative remedies. Plaintiff's claims against Defendant Langston remain pending.

**SO ORDERED**, this 23 day of January, 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)