IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP 25  P 4: 22

CLERK _____
SO. DIST. OF GA.

MICHAEL K. JAMISON,              )
                                 )
            Plaintiff,           )
                                 )
      vs.                        )      CIVIL ACTION NO.: CV605-066
                                 )
                                 )
Lt. REGINALD T. LANGSTON,        )
                                 )
            Defendant.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Scott State Prison in Hardwick, Georgia, filed a 42 U.S.C. § 1983 action contesting the conditions of his confinement while he was incarcerated at Rogers State Prison in Reidsville, Georgia.  Defendant Langston ("Langston") filed a Motion to Dismiss.  Plaintiff filed a Response, and Langston filed a Reply.  For the reasons which follow, Langston's Motion should be **GRANTED**, in part, and **DENIED**, in part.

## STATEMENT OF THE CASE

Plaintiff, through counsel, asserts that Defendant Langston assaulted him by hitting him in the chin with his elbow while he was handcuffed.  Plaintiff also asserts that Defendant Langston hit him again with such force that his entire body moved backward and his head snapped back and hit the wall.  Plaintiff alleges that Defendant Langston escorted him to the medical unit of the prison and beat him again, which caused Plaintiff's hearing to "fail," (Compl., ¶ 8.)

AO 72A
(Rev. 8/82)

Langston asserts that Plaintiff's claim of torture pursuant to 18 U.S.C. § 2340 fails to state a claim upon which damages may be awarded and should be dismissed. Langston also asserts that Plaintiff's state law claims should be dismissed, as he fails to set forth any particular Georgia law Langston violated and does not allege a proper basis for this Court's jurisdiction. Langston further asserts that he is immune from suit based on any state law tort claim pursuant to the Georgia Tort Claims Act, O.C.G.A. § 50-21-25. Finally, Langston asserts that Plaintiff's claims against him are barred by the applicable statute of limitations.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc.

2

v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

**I.    Langston is Entitled to Dismissal of Plaintiff's Torture Claims.**

Langston contends that 18 U.S.C. § 2340 is a criminal statue which became effective after the United State became a party to the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. Langston avers that this statute does not entitle Plaintiff to relief for two (2) reasons. First, the statute prohibits torture occurring outside of the United States. Second, the statute does not create a substantive or procedural right enforceable in a civil proceeding.

Plaintiff asserts that his Complaint was filed pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights, which includes the beatings he received defined as "torture" under 18 U.S.C. § 2340. Plaintiff contends that he seeks to recover for the excessive use of force he suffered, which is protected by the Eighth Amendment of the

3

AO 72A
(Rev. 8/82)

Constitution, as well as the laws and treaties of the United States defining torture. (Doc. No. 44, pp. 3-4.)  Plaintiff also contends that Langston's citations to 18 U.S.C. §§ 2340A and 2340B are not applicable to the instant case.

18 U.S.C. § 2340A(a) provides: "Whoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both, and if death results to any person from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life." "Nothing in this chapter shall be construed as precluding the application of State or local laws on the same subject, nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any civil proceeding." 18 U.S.C. § 2340B.  18 U.S.C. § 2340 is the statute which defines "torture" within the meaning of § 2340A.

Section 2340A is a criminal statute and does not allow an individual to pursue a claim in a civil proceeding.  To the extent Plaintiff seeks to recover for acts of torture, as defined in this statute, he cannot do so.  Langston is entitled to dismissal of any claims of torture Plaintiff has set forth pursuant to this statute.

II.    **Langston is Entitled to Dismissal of Plaintiff's State Law Claims.**

Langston alleges that Plaintiff has not identified any particular state law which he alleges Langston violated.  Langston asserts that Plaintiff has not alleged any basis for this Court's jurisdiction other than 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  Langston also asserts that any state law claims Plaintiff may have set forth against him should be dismissed because § 1983 allows recovery for federal constitutional or statutory rights. Langston avers that any state law claims Plaintiff has set forth against him are barred by

4

the Georgia Tort Claims Act, O.C.G.A. § 50-21-25(a).  Plaintiff contends that he is not barred from maintaining his cause of action against Langston pursuant to § 1983 because of deprivations of his civil rights under the laws of Georgia and the Georgia constitution.

A Plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law.  Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000).  However, section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights.  City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.1 (11th Cir. 2002) (citing Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)).  To the extent Plaintiff seeks to recover under § 1983 for alleged violations of state laws, he cannot do so.  Accordingly, it is unnecessary to address Langston's assertion that he is immune from suit pursuant to the Georgia Tort Claims Act. See O.C.G.A. § 50-21-25(a) ("A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor.").

## III.  The Applicable Statute of Limitations Does not bar Plaintiff's Remaining Claims.

Langston contends that Plaintiff's claims are barred by the applicable statute of limitations because Plaintiff did not serve him with his Complaint until after the statute of limitations elapsed.  Langston contends that under Georgia law, even a complaint filed within the applicable statute of limitations may be barred if service is not perfected promptly after filing.  Langston asserts that, in cases where service of process is made after the

5

expiration of the statute of limitations for a complaint filed within the limitations period, service will relate back to the filing of the complaint only if the plaintiff perfected service within five (5) days of filing the complaint or the plaintiff otherwise was diligent in attempting to perfect service.  Langston also asserts that Plaintiff's cause of action did not commence under Georgia law until service was perfected.

Plaintiff alleges that Langston was served within the 120-day period provided for in Fed. R. Civ. P. 4(m).  Plaintiff avers that the service rules of the Georgia courts are not applicable to this cause of action.  Plaintiff also avers that he was diligent in his attempts to perfect service on Langston.

"'Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983.'"  Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (quoting Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998)).  Although 42 U.S.C. § 1983 does not provide a specific statute of limitations, courts are to apply the most appropriate and analogous state statute of limitations in these type of civil rights actions.  Burnett v. Grattan, 468 U.S. 42, 49, 104 S. Ct. 2924, 2929, 82 L. Ed. 2d 36 (1984).  The statute of limitations for this action, determined by state law, is two years.  O.C.G.A. § 9-3-33; Harding v. Staub, 490 U.S. 536, 538, 109 S. Ct. 1998, 2000, 104 L. Ed. 2d 582 (1989).  Under federal law, a cause of action commences on the date the complaint is filed.  Fed. R. Civ. P. 3.

Langston's contentions represent correct statements of law; however, these contentions overlook one key factor.  The cases Langston cites in support of his contentions deal with diversity cases which set forth state law claims and are inapplicable in the case *sub judice*.  See Cambridge Mutual Fire Ins. Co. v. City of Claxton, Georgia,

6

720 F.2d 1230 (11th Cir. 1983); <u>Johnson v. American Meter Co.</u>, 412 F. Supp.2d 1260

(N.D. Ga. 2004).   Plaintiff's Complaint sets forth claims pursuant to § 1983, a federal

statute, and concerns an event which allegedly occurred on August 19, 2003.  Plaintiff filed

his Complaint on July 13, 2005, which was within the applicable statute of limitations.  This

is the date Plaintiff's cause of action "commenced."  Fed. R. Civ. P. 3.  Langston was

served with a copy of Plaintiff's Complaint on October 10, 2005, (Langston's Br., p. 4),

which was within the 120-day time limit provided by federal law.  Fed. R. Civ. P. 4(m).

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Langston's

Motion to Dismiss (Doc. No. 38) be **GRANTED**, in part, and **DENIED**, in part.  Plaintiff's

claims brought pursuant to 18 U.S.C. § 2340 and the laws and Constitution of the State of

Georgia should be **dismissed**.  Plaintiff's claims against Defendant Langston brought

pursuant to 42 U.S.C. § 1983 should remain pending.

**SO REPORTED** and **RECOMMENDED**, this _25th_ day of September, 2006.

_____

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7

AO 72A
(Rev. 8/82)