UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MICHAEL K. JAMISON,

    Plaintiff,

v.                         605CV066

LT. REGINALD T. LANGSTON,

    Defendant.

## ORDER

In this Eighth Amendment, prisoner-beating case brought under 42 U.S.C. § 1983, inmate/plaintiff Michael K. Jamison basically follows Randy Thomas Hooks in pursuing an excessive-force case against defendant Reginald T. Langston. *See* doc. # 1 ¶¶ 6-10 (alleging that Langston viciously and without cause beat him).

As in *Hooks v. Langston*, 605CV065 (S.D.Ga.), which is also going to trial alongside this case, Langston moves *in limine* to exclude testimony and documents from trial, doc. ## 60, 61. In that the issues are the same and the documents at issue are (in substance) similar enough, the reasoning set forth in the companion *Hooks* Order issued this day applies here.

Accordingly, the Court **GRANTS** in part and **DENIES** in part defendant Reginald T. Langston's motion *in limine*.[1] Doc. # 60. His Objections (doc. # 61) plaintiff Randy Thomas Hooks's trial exhibits[2] are **SUSTAINED**. Finally, the Court **GRANTS** Hooks's deposition-admission motion, doc. # 65, and **DENIES** as moot Jamison's motion for production of witnesses (doc. # 62) because the Deputy Clerk informs the Court of an informal work-around for that item (the State will transport those witnesses to trial).

This 25th day of June, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Note that in the companion *Hooks* Order the Court agreed with Langston there that Hooks may not sneak medical-causation evidence into this case by way of his own lay testimony, though the Court had previously "agree[d] with Hooks that treating physician testimony is admissible on plaintiff's claimed physical injuries." *Hooks*, 605CV066 doc. # 106 at 14. Here, Langston points out, *no* treating physician has been identified; Langston thus argues so this even more forcefully seals Jamison off from any attempted lay-testimony "funneling." Doc. # 60 at 8. However, a treating physician is exempt from Rule 26(a)(2)(B)'s reporting requirements to the extent his opinions are "related to information disclosed during the care and treatment of plaintiff." *Brown v. Best Foods, A Division of CPC Intern., Inc.*, 169 F.R.D. 385, 389 (N.D.Ala. 1996). So long as Jamison can fit the treating physician to which he adverts (doc. # 63 at 5-6) within that exemption, this objection is overruled. Otherwise it is sustained.

[2] Specifically, Jamison's exh. P-1 (Inmate Grievance Form); P-2 (Grievance Appeal form); P-5 (Jamison's 7/4/05 letter to his lawyer); P-6 (Cardell Aff.); and P-8 thru P-15 (other inmates' narrative statements of abuse by Langston and other correction officers).